

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00139-CV

**COLETTE SAVAGE,**

                                                            **Appellant**

 **v.**

**MARK SAVAGE, TRUSTEE AND FIDUCIARY,**

                                                            **Appellee**

---

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 52,939**

---

## MEMORANDUM OPINION

---

Appellant, Collette Savage, appeals from a summary judgment entered on January 31, 2017, in favor of appellee, Mark Savage, trustee and fiduciary. The docketing statement reflects that appellant filed a motion for new trial on February 24, 2017. *See* TEX. R. CIV. P. 329b(a) (providing that a motion for new trial must be filed within thirty days after the judgment or other order complained of is signed). Thereafter, on April 28, 2017, appellant filed her notice of appeal in this matter. *See* TEX. R. APP. P. 26.1(a) (stating

that a notice of appeal must be filed within ninety days after the judgment is signed if any party timely files, among other things, a motion for new trial). Pursuant to Texas Rule of Appellate Procedure 35.1(a), the Clerk's Record was due on May 31, 2017. *See id.* at R. 35.1(a) (stating that the appellate record must be filed within 120 days after the judgment is signed, if Rule 26.1(a) applies).

On October 13, 2017, the Clerk of this Court notified appellant that the Clerk's Record had not been filed in this Court because appellant "has failed to pay or make arrangements to pay the clerk's fee for preparation of the record." The Clerk further noted that appellant must pay or make arrangements to pay the clerk's fees and notify this Court of the actions taken within twenty-one days of October 13, 2017, or else "this appeal may be dismissed for want of prosecution."

On November 7, 2017, several days after the twenty-one-day deadline passed, appellant filed an electronic response. In her pro se response, which included numerous affidavits and other exhibits, appellant complained that she believed that the underlying record is incomplete and unorganized. However, at no point in her response did appellant express that she paid or made arrangements to pay the clerk's fee for the preparation and filing of the Clerk's Record in this Court. Without a properly-filed Clerk's Record, we cannot discern the legitimacy of appellant's complaints about the record.

Subsequently, on December 7, 2017, the Hill County District Clerk's Office informed this Court that appellant "has failed to pay or make arrangements to pay for the clerk's record. No designation of record has been filed as of this date." Accordingly, on December 14, 2017, we once again informed appellant of her failure to pay or make arrangements to pay for the Clerk's Record. In addition to warning appellant that this appeal would be dismissed for want of prosecution without further warning if she failed to pay or make arrangements to pay the clerk's fees and notify this Court of the actions taken within twenty-one days of December 14, 2017, we mentioned the following:

> The failure to pay the clerk's fee prevents the Clerk's Record from being filed in this Court. The record that is in the Hill County District Clerk's Office is not yet a part of the appellate record. And without a properly-filed Clerk's Record in this Court, we cannot discern the legitimacy of appellant's complaints about the record. Nevertheless, once the Clerk's Record is filed with this court, any errors or omissions will be resolved under the rules.

Appellant responded by filing a letter stating the following: "I made arrangements with Angela Orr and the 66th district regarding copying the transcript and have an appointment on January 10, 2016 to post note what is needed. I would still appreciate my motions to be heard." However, the Hill County District Clerk's Office has informed this Court that appellant did not pay or make arrangements to pay the clerk's fee within twenty-one days of December 14, 2017.

Texas Rule of Appellate Procedure 37.3(b) provides that if an appellant fails to pay or make arrangements to pay the clerk's fee for preparation of the record, the Court may "dismiss the appeal for want of prosecution unless the appellant was entitled to proceed

without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal." *Id.* at R. 37.3(b). To date, the record does not reflect that appellant has paid or made arrangements to pay for the Clerk's Record or that appellant is entitled to proceed without payment of costs. Therefore, pursuant to Rule 37.3(b), we hereby dismiss this appeal for want of prosecution.[1] *See id.*

 

 

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed January 10, 2018
[CV06]



---

[1] In light of our disposition, all pending motions are hereby dismissed as moot.